I am counsel for the Burlington Northern, Santa Fe Railroad. I would like to reserve five minutes, if I may, for rebuttal, and I will follow this court's admonition and try to keep track of that time myself. This is, in our judgment, a case which is a classic mandamus case because it relates to the privilege, to the attorney-client privilege and the coverage of documents. And once those documents are produced, the cat is, as they say, out of the bag. And as a result, this is, indeed, a classic case for the use of the petition or the writ of mandamus, and we believe that it is clear that all of the factors that are back to 1977 are clearly present here, with the exception, of course, of Factor No. 4, which relates to the persistent abuse of the rules in some fashion, which is not related to this case at all, but this Court has made it clear it is not a necessary factor, quite the contrary. It would be surprising when you have an issue that we have here, which is one of true first impression, alongside a persistent abuse issue. And that issue of first impression is really a twofold clear error of law. It is twofold in this sense. The magistrate below decided first that under Rule 26b-5, the respondent here, that is, responder to a Rule 34 request, has to simultaneously, with the response to the request, file a privilege log. And secondly, the second clear error here is that the magistrate found, as a matter of law, that failure to provide that simultaneous privilege log with the response was an automatic waiver of the attorney-client privilege. Can I ask a question just factually? When was the response filed and when was the privilege log offered? The response was filed in a timely way within 30 days. The request, the Rule 34 request was served in November of 2002. Within 30 days, a timely response was filed. At that stage, under Rule 26, and consistent with it, and by the way, absolutely I'm sorry. I didn't understand that answer. How long was it between the filing of the initial response and the filing of the privilege log? How many days, weeks, or months went by? I'm sorry. I didn't complete the answer, and I apologize for that, Your Honor. The privilege log was filed on April 30, 2003. So that's how long a period of time? Well, it goes from December through the beginning of December when the response, the Rule 34 response was provided to the provision of the log on April 30. So that's four months plus another, that's five months. Five months. That's between the response and the provision of the log. But the Rule, Your Honor So in application, it isn't an automatic boom, you're out. I mean, that would have been so had the, had this order been filed the day after the response, a sort of ah-ha, you haven't done it. But here, there was quite a bit of foot-dragging, at least so it appears on the record, to the, those looking at the cold record for the first time, that's, one could say that it appears that way. I don't believe one could say that, Your Honor, in this case. First of all, there were, have been roughly 75,000 documents produced. There was no, no, yes. But they had been produced earlier in response to other litigation. And so in context, it wasn't the first time these documents had been dealt with, organized, and so forth. Well, that's true. But it was, of course, these are entirely different cases. But more to the point, Your Honor, whether it was 30 seconds afterwards or 3 months or 5 months, the magistrate's decision is a guillotine fell and there was an automatic waiver when a privilege log was not signed. Is that the language the magistrate used? Yes. The magistrate said this, plain and plain, the defendant waived its privilege objections by failing to provide a privilege log at the time it served its discovery responses. The Court agrees. There could be no more automatic waiver provision. And I think we have to, our decision, I think it is very important that we not get lost here from the critical issues. First of all, Rule 34 doesn't operate that way. Rule 34 doesn't require the filing of the privilege log at the time the response is, is given. When you, when the response was filed, was there any, any, any accompaniment, anything in it that said when the privilege log was going to be filed, that it asked for a reasonable amount of time to file it because of the complexity, the magnitude of the number of documents, the presence of other business on counsel, whatever? We operated, Your Honor, the same way it is customary for counsel from California to the East Coast to operate. We filed our response, which is all Rule 34b requires. Our response stated that the request in part was objected to. Under the attorney client, we would not produce documents. We were, under the attorney client privilege, we, under Rule 26, had fully complied. Because Rule 26b, Your Honors, does not say when you file or when you respond, you must simultaneously file a log. There, you can search Rule 26b. You will not find that. What it says is when a party withholds information, otherwise you will not find it. That requires the Court to decide what the phrase, when a party withholds information. And what the court, what the district court said is, well, what the magistrate judge said is, that phrase means at the time, when, means at the time the party withholds the information. And the party withholds it when it makes the response and says, I'm not giving you these documents. I respectfully disagree. Why is that a no? That is not the time that the information is withheld. It is the time under a law. Don't we have to find out that it's a clear error of law to read it in that manner? Not just that. Indeed. But it is a clear error of law, and this is why. If this was a Rule 30, or if this was a Rule 33, for example, interrogatories or if it was a deposition, the withholding of information would occur at this time, that is, at the time of response. But as Wright and Miller very wisely point out, that is not, that is not when the information is being withheld when you are referring to Rule 34. Rule 34 makes it very clear that first you shall file a response. It doesn't say the documents are due in 30 days. You can read 34 from beginning to end. You will never find that. Rule 34 says you shall file a response, and the response shall state that inspection and related activities will be permitted as requested. It doesn't say produce the documents in 30 days. And that's, I think, the fundamental error and the clear error of law that's involved here. I mean, as a practical matter, the impact of this is enormous. And as a practical matter, this is not the custom and practice under the Federal rules, and it shouldn't be. And Wright and Miller make that clear. As the advisory notes, the 1993 amendments make clear to Rule 26. Did any local council or the Board of Editors ever ask Ed Matteson to give him a little time, give him a little slack to get the river floods up, current up with the stuff that was being withheld? No, because we did not need to. Because we were following the rules. Well, I used to be a district judge. It's been a long time ago, but judges usually work with counsel on discovery matters like this. And if there's a reasonable effort to find and to explain why the privilege shouldn't apply to this class of documents and so on, judges usually say, well, take a couple of minutes, let me hear it for a little while. But in December of 2002, Your Honor, we weren't at that point. We were responding under Rule 34 to the request for documents, saying they were available for inspection, and we were withholding documents under the privilege. That is what is required under Rule 34. And so we didn't need an extension. We were timely. When was the motion to compel filing? Well, which one? There were two motions. The first motion was filed in April of 2003. It asked for the privilege log, and it also asked for a reorganization and indexing of the documents. The magistrate and before the magistrate's decision, we produced the privilege log. Plaintiffs then wrote a reply brief on the motion to compel, didn't mention the privilege log at all. That was a mood issue. It's a mood issue. And of course it was. It should have been. And then the Court granted their motion in part, denied it in part. We did have to reorganize the documents. We reorganized the documents. Thirty days later, informed the plaintiffs of that, they came out to inspect them. But the key understanding here, it seems to me, to unlocking what this case is all about, is understanding that Rule 34 does not, does not require the production of documents in the response. The response is quite different. This is not as if we were responding with interrogatories, for example, Your Honor, and in a position where we had to ask for additional time because we were going to be withholding information, as the rule says. We were not, at the time we responded, withholding information. Now, the impact of this kind of decision, at least in Montana Federal civil procedure, will be that we will have to basically turn the operation of the rule on its head. Because now we have to go to the courts. Well, it's not as difficult as a practical matter as what you suggest, it seems to me. In a simple case, at the time of the response, you can say, we're going to give you four boxes of documents, and then we have the following eight letters from Attorney X to Client Y on these certain dates, and provide that at the same time. Or if it's a hard case, ask for more time to organize the information. I mean, the practical effect, it seems to me, is quite limited if everybody knows what the practice is ahead of time. And I guess that's part of your issue, is you are asserting that you didn't know ahead of time that this was going to be the result. Well, let's make sure we're clear-eyed about this, though, Your Honor. This is also a decision that has two parts to it that are clear error. First of all, that we would have to simultaneously file. But secondly, to automatically waive the attorney-client privilege, we say, no, no, they can't, it isn't the law. And the question is read off that. Well, it's pretty clearly the law, though, that an inadequate assertion of the privilege is a waiver, that, for example, a boilerplate, all that stuff is privilege, that sort of thing. So it's pretty well established that one has to at least be precise. That's different from the question of when one has to be precise. But just merely saying privilege without more doesn't get you there. So it can be waived. It can be waived, but not absolutely and not automatically. And in this that is why this case raises such a crucial issue, because it was an automatic guillotine that said you've waived the privilege. Now, this isn't the lawyer's privilege, of course. This is the client's privilege. Well, this is an interpretation. I mean, it seems to me that's a gloss on what was done. The motion was made five months after the response. And I was never a district judge. And I'm just an inactive member of the Illinois Bar. And I never actually practiced law in Chicago. But so in your view, how much time in Chicago, how much time do people have to indefinite, to forever? Wherever I have handled, wherever I have tried cases, Your Honor, from the Eastern District of Florida to just last month in the Western District of Washington. In your experience, how much, what is the rule? It is a reasonable time given the case, as Wright and Miller say. Wright and Miller say the issue needs to be worked out among the parties before the court should be brought into it. And what's happened here is the judge has flipped this, in essence, the magistrate and the judge, and said, no, no, come to us for an extension. That's upside down. We come to the court when the log jam, pardon the expression, is reached. Well, that must have happened here, or there wouldn't have been motions and replies and so on and so forth. There clearly was an inability of the parties to agree on the discovery, which is unfortunate but that seems quite apparent from the record that there was not a successful effort. And the judge here did not deal with it. The judge here said, I'm not going to review these documents for the privilege. I'm not going to look at them. You lost it. It's gone. So, no, there was not a review of the issues related to the documents, and 600 of these documents are covered by the privilege law. And under this order, we are being forced to produce them. So to say that isn't the purport of this order or that this isn't automatic, well, of course it is. We have to produce at the very least 600 agreed attorney-client privilege documents. How many additional documents beyond those 600 are covered? Or is that at least a percent? By the order of approximately 1,000. So you're saying you're saying apparently there's agreement that 600 of them, had they been described at the instant that everybody wants them to have been described, would have been privileged, and 400 that are not so clear. Well, they have been described in the privilege law that was satisfactory at that stage, but then there was this motion to compel file, then the magistrate just took this draconian position. I guess I'm trying to understand now the nature of the 400 additional documents. Are you saying there's some question as to whether they would be privileged even if everything had been done timely according to this district court? Yes, according to the district court, because everything was done timely. But, in fact, the privilege law included roughly 1,000 documents. And you're saying 600 are clearly privileged. What about the other 400? There's been no determination, because the judge ruled. I'm not going to look at them. You waived the privilege. Okay. And they'll never be reviewed, because he is automatically, we have automatically waived according to the magistrate. Thank you, Your Honor. May it please the Court. I am Julie McGarry. I'm from Bozeman, Montana, and I represent the Kaffzners, the real parties in interest in this case. Before I start, I want to clear something up. There has been absolutely no agreement between the counsel, between counsel or the parties, that 600 documents are admittedly privileged. We dispute that all of the documents are privileged, and the detail of that is outlined in the underlying briefs to the judge, or the magistrate judge. As the Court knows, mandamus is an extraordinary form of relief, and it should only be ordered in extraordinary cases. It has to be ordered in a forum where it is clear and indisputable that the writ of mandamus must issue, and this is not one of those cases. Here's my issue with your position. In essence, the ruling of the district court would permit the disclosure, and I know you've said you don't agree that these are otherwise privileged, but let's assume now for the sake of this question that they clearly are, that it's letters of advice from Lawyer X to Client Y on a certain date about a particular subject that the client asked about, and that that letter has never been sent to anyone other than the client. And so it's clear from the face of the log that this would be a privileged item. What this ruling does is to say, in essence, to say, well, sure, that's otherwise privileged, but all of the policies behind protecting that relationship go out the window if the description of that privilege comes too late. That seems troublesome. Why shouldn't it be troublesome? It shouldn't be troublesome because the discovery process itself is supposed to be a search for the truth. It puts a burden on the party who is going to withhold documents to properly and timely assert the privilege so that they can enjoy the benefit or the protection of the privilege. It puts a burden on the party withholding the document to clearly establish for the Court and for the other party that the privilege exists. And under the discovery rules, it creates a fair playing ground for all parties so that the requesting party can know that within a reasonable period of time, they're going to receive the documents that they requested so that they can proceed with discovery, do follow-up discovery, hire experts in relation to documents that they find. And so while I can understand your point, I think that the rules of civil procedure provide that there are – there is a proper way to protect the important attorney-client privilege, but you have to comply with the rules carefully in order to enjoy that protection. And I think Rule 30 can be used for that. So that the description, complete description, must come forth. In my view, the privilege log ought to be filed at the time the withholding party makes their objection unless they request an extension from the other party, which I would have easily have given them, or they ask the judge for additional time. And if it doesn't happen, if that doesn't happen, then certainly the withholding party has an obligation to take affirmative steps to reassure the requesting party that the privilege log is forthcoming, and they have an obligation to give it quickly. Well, here is what – this is what I don't understand. The other side argues that some kind of per se rule was applied here, that if you don't comply at the time of the original response, that you lost your privilege. In your view, is that what the magistrate judge did here? No, that isn't what happened here. Burlington Northern wants this Court to believe that timeliness was the only issue that this Court considered. This Court ruled that Burlington Northern's ultimate privilege log was not only untimely, but it was incomplete, it was improper, and it was nonresponsive. And this district court exercised its discretion, having knowledge of who the attorneys were, of who the parties were, having known that it had ordered a previous motion to compel, and it took into consideration a number of factors when it came to its ultimate conclusion that a waiver had happened. And I would like to be able to explain those factors to the Court because I think they're crucial here. This Court knew when it made its decision that Burlington Northern had made a blanket objection at the outset. It knew that Burlington Northern had never requested an extension of time to file a log, that Burlington Northern had never filed for protection. It knew that Kapsner's had requested Burlington Northern to give them a log. It knew that Kapsner's attorneys had traveled 180 miles in Montana two times to inspect documents without the benefit of a log, that Kapsner's had to file a motion to compel to get the first log, and that within 23 days of Kapsner's filing the motion to compel, which they shouldn't have had to have done, Burlington Northern filed their log five months late. But this is the important part, and it's the part that counsel left out. The chronology doesn't stop there. Seven months later, Burlington Northern provided a revised privilege log, which it asked plaintiff's counsel to treat as a replacement log for the log it had filed seven months earlier. This new log had 225 new documents in it that weren't new in time. Some dated back to the 1980s and 90s. And so and many of the documents contained in the new log, because they had been clearly in existence, they should have been disclosed back in April. Burlington Northern then filed a third log and then a fourth log. And then the Kapsners filed a motion to compel, because the combination of the four logs was confusing. It was frustrating. The Kapsners were having to take this so-called replacement log and go back to the first log and do cross-checking. There were documents removed. There were other documents added, some old, some new. It was hard to believe. It was hard to trust what was accurate, and it took a lot of time on the plaintiff's counsel's part. The Court knew that Burlington Northern had previously produced 70,000 documents in a room that were unorganized, uncategorized, unindexed, and the Court had ordered BN to organize them and bait stamp them so that plaintiff's counsel could do proper discovery. And I think this is the most critical part. This Court knew that 15 years prior to this motion to compel, Burlington Northern had established a document repository at the office of BN's counsel in Helena, Montana. Those documents were documents that were produced and reviewed by Burlington Northern's Helena attorneys in at least five litigations before the Kapsners, and all of those litigations took place in Burlington, Montana, right next door to where the Kapsners live. It was the same pollution that was affecting Kapsners, and Kapsners were trying to get to documents that BN's attorneys were well acquainted with. In fact, there is a letter, and this may help the Court, it's the Kapsners Exhibit 6 to our response brief before this Court. It's a letter from a William Mayer, who was one of BN's counsel. And he talks about this document repository being established in Helena. And he says that it's going to basically be the place where all the Burlington Northern Livingston, Montana documents will be kept. And he also says that a privilege log has been started with respect to those documents. He says the privilege documents themselves will be kept at least at that time with in Seattle, but that all the not withheld documents will be sent to Helena. Over time, that changed, and not all the documents ended up in Helena, Montana, is our understanding. But the Court ultimately did not accept and buy Burlington Northern's arguments in the brief that it was simply unfeasible for BN to get their privilege log together within 30 days of our discovery request. The Court knew BN had not just begun to look at the documents. It had had the documents for over a decade. It's our position that this Court knew the circumstances before it and that it properly exercised its discretion in managing a pretrial matter. When I was a practicing lawyer, I always counted it a failure when discovery issues got to court. And I wonder whether any efforts have been made in this case to mediate or settle both the discovery issues and the merits. With regard to both motions to compel, the first motion to compel, we wrote to Burlington Northern on many occasions, and I spoke personally with Burlington Northern's lawyers to try to ask them to please organize the documents so that we could make some semblance of them, because to look at 70,000 documents that don't correlate to discovery and that aren't all the toxicology documents aren't in one place and all the financial documents in another, it was, in our opinion, a dump truck production, and we asked for Burlington Northern to reorganize them because we couldn't believe that these were kept in the usual course, the way they were kept in the usual course of business, and BN refused. So we filed the motion, first motion to compel. With regard to the motion to compel on the privilege log, we asked for a log from Burlington Northern after we received their original objections. And we were told that we were told by phone and we were told by letter it would be forthcoming. When I needed to begin discovery, and other counsel did as well, by looking at the documents in Helena, and when we didn't get the privilege log in a timely fashion, we decided we need to go ahead with discovery and do the inspection even without the log. But then we filed the motion to compel because we felt that that was the only way that we could move them. It gave us the log, but the log was only a start. We then got four, three other logs. And as we stand here today, there's actually 11 sections to the log now in existence, and none of them correlate to the other. Kagan. Well, has there been any effort to mediate the underlying lawsuit? No. Well, there's a shortage of opinions. Well, let me correct that. There was an offer, but it was rejected. In this area of sanctions for discovery, this the courts' appeals aren't very good at monitoring and managing discovery of the problems. What kind of an opinion do you think should be written here? The railroads and the chemical companies don't want us to write an opinion. The firms are dropped in a waiver order, and we probably would have trouble writing that kind of an opinion. What kind of an opinion do you think we should write in this case? I think that the opinion ought to recognize that Rule 34 must be read together with Rule 26b-5, that those two rules together set out how an attorney-client privilege assertion must be made in order for it to be properly and timely made. And the Court should recognize the inherent discretionary powers of a magistrate judge and of a district court judge to understand the facts and circumstances before them when ruling on an important matter like waiver of attorney-client privilege. I think that this Court can recognize that this was not a waiver sanction, but it could also recognize that it was, in effect, a waiver sanction. This judge, he didn't find this as a sanction. He determined this was waiver under the rules, and I believe under his discretionary powers, but he could have also invoked Rule 37 because of the facts, the key facts here that were evidence of foot-dragging and a cavalier attitude towards the discovery rules. Do you have any further questions? Your Honors, there is nothing cavalier about what went on here, and the magistrate's order is no finding of abuse, there is no finding of sanction.  privilege. I think the plaintiffs agree. It's very clear. The magistrate said, boom, automatic waiver. There is no requirement anywhere, and the advisory committee comments are very clear on Rule 26. There is no such automatic waiver. So in response to Judge Goodwin to your question about the order, I think the order needs to be, first of all, a finding that there are two clear errors of law here that are critical. Number one, you do not, under the Rule 34 or Rule 26b, the more general provision, you are not required simultaneously to file a privilege law with the response to a Rule 34 request. That is as clear as the language could be. That is not withholding information when you file such a notice. And secondly, that there is no automatic waiver. That must be remanded to the district court to review that issue. Was there an abuse? Should there have been? Was there a waiver here? But that was not the finding below by either the magistrate or, for that matter, the district court, who simply gave us, unfortunately, a not very illuminating affirmance of the magistrate. And on the supplementation, I think it is important to understand these aren't just historic documents. There is ongoing, substantial ongoing remediation at this site, and therefore, the logs need to be supplemented, and we're under a requirement to supplement the logs, and indeed, we are supplementing the logs. That's always an issue in this kind of litigation. But to put us in a position of filing, serving a privilege law at the time of response under Rule 34 is unique, and there is no law to support it. Thank you. Thank you. The case is submitted for decision. That concludes the Court's parliament this morning. The Court stands adjourned. All rise. This Court for this session stands adjourned. This Court is adjourned.
judges: Schroeder, Goodwin, Graber